*700 OPINION.
Geaupner:
The principal question for determination is whether the transfer of 1,160 shares of stock by the decedent to his son and daughter in December, 1919, was a bona -fide sale for a fair consideration or a transfer made in contemplation of death, within the meaning of section 402(c) of the Revenue Act of 1918.
The evidence is that the transferees gave the decedent their notes, each in the amount of $58,000, and deposited the stock certificates as security. The notes were therefore valuable to the extent of the value of the stock given as security, which, from the evidence, was not less than the face of the notes. This, in our opinion, constituted a bona fide sale of the stock, and the transaction is accordingly removed from the operation of the presumption created by section 402(c) of the 1918 Act.
The taxable amount was that of the unpaid balance of the notes which was canceled by the decedent early in February, 1921,'within two weeks prior to his death. The decedent forgave the indebtedness amounting to $81,200, one-half of which, or $40,600, in accordance with the community property law of Louisiana, should be included in the gross estate of the decedent.
In view of this holding, it is unnecessary to determine the value of the stock here involved at the time of the decedent’s death.
*701 The deposition of the physician who attended the decedent discloses that he received a check for services rendered, but there - is no evidence' of the- amount of the. check, and the disallowance by the Commissioner of the amount claimed as' a doctor’s fee is approved.